**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
DAVID HICKS, III,              )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 04-375 (RWR)
                               )
MAYOR ANTHONY WILLIAMS et al., )
                               )
          Defendants.          )
_____)
```

**MEMORANDUM OPINION**

Pro se plaintiff David Hicks, claiming that he was wrongfully prosecuted and convicted in the District of Columbia Superior Court, filed an action against, among others, the Mayor of the District of Columbia, a present and a former Assistant United States Attorney ("AUSA"), and the defense counsel appointed to represent him in his criminal case, seeking compensatory damages and a reversal of his conviction.  Because the court lacks subject matter jurisdiction over Hicks's challenge to his conviction, and because the amended complaint otherwise fails to state a claim upon which relief can be granted, his complaint will be dismissed.

BACKGROUND

David Hicks filed this case in Superior Court on January 24, 2004, and was granted in forma pauperis status.  The action was removed to this court on March 8, 2004.  Although Hicks's amended complaint is difficult to decipher, he appears to allege that he was prosecuted for an unspecified crime in District of Columbia

Superior Court Criminal Case No. F9945-92.  Among his many allegations are that he "was wrongfully accused with false accusation"; that AUSA Himelstein violated his civil rights by failing to dismiss the criminal case against him; and that his defense counsel, Anthony Stewart, "gave [him] away to the prosecution."  (Am. Compl. at 2, 3.)  Hicks contends that Stewart failed to provide a competent defense, neglected to cross-examine and impeach government witnesses, failed to request that an allegedly sleeping juror be replaced with an alternate, and conspired with the prosecution to secure his conviction.  Hicks claims he "was therefore convicted not because of the solid evidence but by . . . using false and misleading information to cause a malicious prosecution[.]"  (Id. at B.)  He seeks to overturn his Superior Court conviction and obtain injunctive relief and money damages against the defendants under 42 U.S.C. §§ 1983, 1985, and 1986.

## DISCUSSION

Because Hicks is proceeding pro se, his complaint, however inartful, must be construed liberally.  See Boag v. MacDougall, 454 U.S. 364, 365 (1982); Haines v. Kerner, 404 U.S. 519, 520 (1972); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).  Nevertheless, "an admonition not too stringently to construe *pro se* pleadings is not a direction to construe them

teleologically." <u>Sweatt v. United States Navy</u>, 683 F.2d 420, 424 (D.C. Cir. 1982); see <u>Garrison v. Warren Corr. Inst.</u>, No. 98-3723, 1999 WL 507015, at *1 (6th Cir. June 10, 1999) ("Although pro se litigants are entitled to liberal construction of their pleadings, the district court was not obligated to prosecute [plaintiff's] suit for him.") (citation omitted).  In proceedings in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Taylor v. United States Probation Office</u>, 409 F.3d 426, 428 (D.C. Cir. 2005); <u>Price v. Greenspan</u>, 374 F. Supp. 2d 177, 180 (D.D.C. 2005); <u>Jacobs v. Ramirez</u>, 400 F.3d 105, 106 (2d Cir. 2005) (applying same standard for dismissal under § 1915(e)).

I.   CHALLENGE TO D.C. SUPERIOR COURT CONVICTION

Hicks's amended complaint is fundamentally an attempt to overturn his Superior Court conviction.  (<u>E.g.</u>, Am. Compl. at 6) ("I am here requesting to be exonerated seeking to challenge the judgment of conviction entered in the F9945-case.").  He attacks his criminal conviction on the grounds that (1) defense counsel provided ineffective assistance, (2) the prosecutors failed to

- 4 -

disclose evidence favorable to the defendant, and (3) prosecutors and defense counsel somehow conspired against plaintiff to secure his conviction. A challenge of this nature must be brought in a habeas action in the Superior Court under D.C. Code § 23-110. Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998); Banks v. Smith, 377 F. Supp. 2d 92, 94 (D.D.C. 2005). That statute provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986) (quoting D.C. Code § 23-110(g)); see also Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." Saleh v. Braxton, 788 F. Supp. 1232 (D.D.C. 1992). A prisoner's lack of success in a collateral attack of his conviction and sentence by means of a motion under D.C. Code § 23-110 does not render this remedy inadequate or ineffective. See

- 5 -

Wilson v. Office of the Chairperson, 892 F. Supp. 277, 280 (D.D.C. 1995).  Accordingly, insofar as Hicks seeks to overturn his Superior Court conviction, his effort will not be entertained here.

II.  FAILURE TO OTHERWISE STATE A CLAIM

Hicks's complaint, liberally construed, also appears to allege claims against defendants Stewart, Himelstein, and former AUSA Nancy Page under 42 U.S.C. §§ 1983 (deprivation of rights under color of law), 1985 (conspiracy to deprive person of equal protection of the laws) and 1986 (failure to protect from a § 1985 conspiracy).  (Am. Compl. at 1, 2, A, B.)  Hicks's claims under § 1983 include allegations generally of malicious prosecution and abuse of process.[1]  (Am. Compl. at A.)  In addition, Hicks appears to assert a claim under §§ 1985 and 1986 by contending that Stewart and Himelstein, perhaps along with a "vigilante group,"

---

[1] Hicks also appears to assert a claim of false arrest "because [he] claimed that Defendants violated and refused by omitting the investigation that could have clear[ed] [him] from prosecution." (Am. Compl. at A.)  Because he does not appear to actually allege that his arrest was unconstitutional or include any facts in the complaint relating to his arrest or supporting an allegation of false arrest, see Marshall v. District of Columbia, 391 A.2d 1374, 1380 (D.C. 1978) (setting forth elements of false arrest), that allegation is construed as a failure to investigate claim or a malicious prosecution claim.  See Hicks v. Williams, Civil Action No. 03-2087 (UNA) (D.D.C. Oct. 17, 2003) (dismissing Hicks's earlier similar case because he provided no facts to support the conclusions alleged in his complaint).

- 6 -

conspired to violate his constitutional rights.[2]  (Am. Compl. at 2, A.)

The Supreme Court has held that actions under § 1983 "are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  Heck v. Humphrey, 512 U.S. 477, 486 (1994).  In Heck, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[2] Hicks does not specify which of his constitutional rights defendants allegedly violated under § 1985.  He asserts that "Himelstein conspired with other government official [sic] by deliberate indifference and was therefore unconstitutional to my civil right," and that defendant Stewart "enter[ed] into a conspiracy to commit me." (Am. Compl. at 2, 6.)  Hicks also states
> And since plaintiff, complaining of alleged Failure of Federal agents to act prevent fruition of Alleged conspiracy between local law Enforcement agencies and vigilante group.  and Therefore plaintiff can obtain complete relief under this section.  42 & 1986.

(Am. Compl. at A.)

- 7 -

Id. at 486-87 (footnote omitted).  Heck requires dismissal of Hicks's § 1983 claims.  Hicks states in his complaint that the criminal conviction resulting from the criminal proceeding in which the challenged actions occurred still stands.  Because he has not had his conviction invalidated, his § 1983 claims, if any, have not yet accrued.  Wolfe v. Perry, 412 F.3d 707, 714 (6th Cir. 2005) (stating that a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged); Gibson v. Superintendent of N.J. Dept. of Law & Pub. Safety-Div. of State Police, 411 F.3d 427, 435 (3d Cir. 2005); Erlin v. United States, 364 F.3d 1127, 1131 (9th Cir. 2004); Heck, 512 U.S. at 484-86 (stating that a malicious prosecution action requires that the prior criminal proceeding must have terminated in favor of the accused).  Because Hicks can prove no set of facts in support of his § 1983 claim that would entitle him to relief, that claim will be dismissed sua sponte.  See Price, 374 F. Supp. 2d at 180; McCutcheon v. Cooper, No. 96-C-365, 1997 WL 280731, at *2 (N.D. Ill. May 21, 1997) (dismissing sua sponte under 28 U.S.C § 1915(e)(2) and 42 U.S.C. § 1997e(c) count for which supporting oral and written allegations did not state a claim for relief under 42 U.S.C. § 1983).

Furthermore, to state a claim for conspiracy under § 1985(3) or the second clause of § 1985(2)³, a plaintiff must allege that the purported conspiracy was motivated by a racial or class-based discriminatory animus. Hoai v. Vo, 935 F.2d 308, 314 (D.C. Cir. 1991) (addressing § 1985(3)); see also Davis v. Twp. of Hillside, 190 F.3d 167, 171 (3d Cir. 1999) (addressing § 1985(2)); Sacco v. United States Marshals Serv., No. 95-5077, 1996 WL 174336, at *1 (D.C. Cir. Mar. 12, 1996) ("Considered under either the second part of subsection 1985(2) . . . or the first part of subsection 1985(3) . . ., appellant's claim does not state a cause of action because he has not alleged 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'") (quoting Kush v. Rutledge, 460 U.S. 719, 725-26 (1983)); McCord v. Bailey, 636 F.2d 606, 614 (D.C. Cir. 1980) ("The second half of section 1985(2) . . . specifies an intent to deny equal protection of the laws and draws its constitutional basis from section 5 of the fourteenth amendment[.]"). While Hicks describes himself as a "poo[r] black heterosexual male" (Am. Compl. at 1), he does not allege facts in either his original or amended complaint to show that his race or

---

³ Hicks does not allege any facts to show he was prevented from holding any office or from discharging any official duties under § 1985(1), or that he was deterred from performing juror duties under the first clause of § 1985(2). Therefore, those subsections are inapplicable here.

class animated defendants' alleged conspiracy against him.  (See generally Compl.; Am. Compl.)  Instead, for example, Hicks alleges that Himelstein was upset because of his past arrest record and consequently conspired against him.  (Am. Compl. at 2.)  Because his complaint fails to allege any facts tending to show the existence of the requisite discriminatory motivation, Hicks fails to state a cognizable claim under § 1985.  In addition, "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985." Santistevan v. Loveridge, 732 F.2d 116, 118 (10th Cir. 1984); Bartell v. Lohiser, 215 F.3d 550, 559-60 (6th Cir. 2000) ("[B]ecause her § 1986 claim is derivative and conditioned on establishing a § 1985 violation, [plaintiff's] § 1986 claim must also be dismissed."); Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981) (holding that a cause of action under § 1986 is dependent on valid claim under § 1985).  Because he is unable to assert a viable § 1985 claim, any allegations Hicks may have under § 1986 fail as well.[4]

---

[4] Hicks also failed to name or make any allegations against several defendants to this action in the body of either his original or amended complaint.  Assuming that those individuals would be proper defendants in this action, Hicks's claims against all defendants will be dismissed since he has failed to state any cognizable claim.  See Ko v. Henderson, Civil Action No. 94-1747 (SSH), 1995 WL 270693, at *1 n.1 (D.D.C. Apr. 26, 1995).

CONCLUSION

The allegations in Hicks's pro se complaint, liberally construed as they must be, nevertheless fail to raise any colorable claim.  Consequently, his complaint will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 28th day of December, 2005.

                                                                                   /s/
                              RICHARD W. ROBERTS
                              United States District Judge